<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

———————————————————————

|  |  |  |
|---|---|---|
| JACKSON TOWNSHIP BOARD OF EDUCATION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. Action No. 16-0336-BRM-DEA |
| v. | : | |
| | : | |
| S.G., on behalf of A.G., and K.G., on behalf of A.G., | : | **OPINION** |
| | : | |
| Defendants. | : | |

———————————————————————:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the interlocutory appeal of a decision by the Honorable John Schuster, A.L.J., in an administrative action brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). (*See* ECF No. 1.) There are two Cross-Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56, filed respectively by Plaintiff Jackson Township Board of Education (the "District") (ECF No. 31) and Defendants S.G. and K.G. ("Defendants") (ECF No. 34). The District has also filed a Motion for Preliminary Injunction[1] (ECF No. 43) to stay the enforcement of the final decision of the Honorable John S. Kennedy, A.L.J., in the underlying administrative action. Defendants oppose this Motion. (ECF No. 46.) Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard.

---

[1] The District titles its Motion as a "Motion to Stay," but the Motion actually requests a grant of preliminary injunctive relief, pursuant to Fed. R. Civ. P. 65(a).

For the reasons set forth herein, the District's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**, Defendants' Motion for Summary Judgment is **GRANTED**, and this action is **DISMISSED** for lack of subject-matter jurisdiction. Accordingly, the District's Motion for Preliminary Injunction is **ADMINISTRATIVELY TERMINATED** as moot.

## I. BACKGROUND[2]

In June 2014, Defendants sought to enroll their minor son, A.G., in the District's school system. (District's Statement of Material Facts (ECF No. 31-1) at ¶ 1; Defs.' Statement of Material Facts (ECF No. 34-1) at ¶ 1.) On July 3, 2014, Defendants asked the District to evaluate A.G. to determine whether he was eligible for special education and related services under the IDEA. (ECF No. 31-1 at ¶ 2; ECF No. 34-1 at ¶ 2.) The District determined that an evaluation was not necessary and proposed to service A.G.'s needs through a "504 Plan." (ECF No. 31-1 at ¶¶ 3-4; ECF No. 34-1 at ¶¶ 3-4.) In response, on August 11, 2014, Defendants advised the District of their disagreement with the District's decision and, on August 14, 2014, Defendants informed the District they were unilaterally placing A.G. at Tree of a Knowledge, a private residential school located in Miami, Florida. (ECF No. 31-1 at ¶¶ 5-6; ECF No. 34-1 at ¶¶ 5-6.)

Thereafter, on August 18, 2014, the District informed Defendants it remained willing to provide A.G. with a free and appropriate public education ("FAPE"), and invited Defendants to a second identification meeting. (ECF No. 31-1 at ¶ 7; ECF No. 34-1 at ¶ 7.) At the September 3, 2014 meeting, the District proposed A.G. undergo evaluations to determine whether he was eligible for special education and related services under the IDEA. (ECF No. 31-1 at ¶ 8; ECF No.

---

[2] The facts set forth in this Opinion are taken from the Complaint (ECF No. 1), the parties' briefs and related filings.

34-1 at ¶ 8.) The District asserts, and Defendants deny, that Defendants refused to consent to evaluations of A.G. (ECF No. 31-1 at ¶ 9; ECF No. 34-1 at ¶ 9.)

Consequently, on December 16, 2014, the District filed a petition with the New Jersey Department of Education, Office of Special Education Programs seeking to compel an evaluation of A.G. (ECF No. 31-1 at ¶ 10; ECF No. 34-1 at ¶ 10.) On December 23, 2015, Defendants filed an answer to the District's petition. (ECF No. 31-1 at ¶ 11; ECF No. 34-1 at ¶ 11.) On January 8, 2015, the parties reached a settlement agreement, pursuant to which Defendants consented to an evaluation of A.G. (ECF No. 31-1 at ¶ 12; ECF No. 34-1 at ¶ 12.) The parties dispute whether, in June 2015, the District fulfilled the terms of the settlement agreement by evaluating A.G. (ECF No. 31-1 at ¶ 13; ECF No. 34-1 at ¶ 13.) Additionally, pursuant to its terms, the settlement agreement was required to be formally approved by the District, but never was. (ECF No. 31-1 at ¶¶ 12-13; ECF No. 34-1 at ¶¶ 12-13.) Regardless of whether the terms of the settlement agreement were ever fully implemented, the underlying administrative action was not closed. (ECF No. 31-1 at ¶ 14; ECF No. 34-1 at ¶ 14.)

Subsequently, on November 11, 2015, Defendants requested in the administrative action that ALJ Schuster grant them the following affirmative relief: classification of A.G.; a finding that the District failed to offer A.G. FAPE; ordering a hearing solely on the issue of whether the unilateral placement of A.G. at Tree of Knowledge was appropriate; and awarding Defendants reimbursement for the costs and expenses of enrolling A.G. at Tree of Knowledge. (ECF No. 31-1 at ¶ 14; ECF No. 34-1 at ¶ 14.) In response, on November 12, 2015, the District attempted to withdraw its petition in the administrative action and thereby close the case. (ECF No. 31-1 at ¶ 15; ECF No. 34-1 at ¶ 15.) On November 18, 2015, Defendants' counsel requested permission to file an amended answer and cross-petition to the purportedly withdrawn petition. (ECF No. 31-

1 at ¶ 16; ECF No. 34-1 at ¶ 16.) On November 24, 2015, ALJ Schuster issued an order permitting Defendants to file an amended answer and cross petition, because he had "not receiv[ed] any objection to [Defendants'] request." (Compl., Ex. E, November 24, 2015 Letter Order (ECF No 1-7).) On December 3, 2015, the District filed a letter in the administrative action asserting:

> As the Petition was withdrawn on November 12, 2015, there is no matter pending before Your Honor. It is my understanding, therefore, that the parents would have to file a petition with the Department of Education, rather than amend their answer to a petition which has been withdrawn and for which there is no pending controversy.

(Compl., Ex. F, Pl.'s December 3, 2015 Letter (ECF No 1-8).) In response, on December 18, 2015, ALJ Schuster reaffirmed his November 24, 2015 order permitting Defendants to amend their answer and assert cross-claims against the District. (Compl., Ex. G, ALJ Schuster's December 18, 2015 Letter (ECF No 1-9).)

On January 20, 2016, the District filed a Complaint in this Court appealing ALJ Schuster's November 24, 2015 decision, pursuant to the IDEA. (Compl. (ECF No. 1) at 9-10.) The District asserts when it withdrew its petition in the underlying administrative action on November 12, 2015, there was no longer a contested case pending before ALJ Schuster. (*Id.*) Therefore, the District contends ALJ Schuster's decision to allow Defendants to proceed on their cross-claims was arbitrary, capricious, and unreasonable. (*Id.*)

On January 21, 2016, the District moved for a preliminary injunction staying the underlying administrative action during the pendency of this action. (ECF No. 3.) On January 25, 2016, the Court denied the District's motion for a preliminary injunction. (ECF No. 8.) The underlying administrative action proceeded to a hearing before ALJ Kennedy, which concluded on February 24, 2016. (ECF No. 31-1 at ¶ 22; ECF No. 34-1 at ¶ 22.) On May 13, 2016, ALJ Kennedy ruled in

favor of Defendants, and ordered the District to reimburse Defendants for the costs associated with A.G.'s attendance at the Tree of Knowledge. (ECF No. 31-1 at ¶ 23; ECF No. 34-1 at ¶ 23.)

On July 20, 2016, the District moved for summary judgment, arguing ALJ Schuster's November 24, 2015 order, and all subsequent decisions in the underlying administrative action, should be vacated. (ECF No. 31-1.) On August 5, 2016, Defendants cross-moved for summary judgment asserting (1) this Court lacks subject-matter jurisdiction over this action; (2) in the alternative, this Court should abstain from exercising jurisdiction over this case; and (3) the District's claims fail on the merits. (ECF No. 34.) On August 8, 2016, this action was reassigned to the undersigned. (ECF No. 35.)

While the Cross-Motions for Summary Judgment were pending, the District moved for an injunction staying the enforcement of the final decision of ALJ Kennedy until a final decision is issued in this action or the underlying administrative action is reopened. (ECF No. 43) According to the District, this injunction is appropriate because ALJ Kennedy's decision was based on false testimony that A.G. attended Tree of Knowledge, when in fact, A.G. attended a different school. (*Id.*) Defendants oppose the District's Motion, contending it is procedurally inappropriate, as well as meritless. (ECF No 44.)

## II.  LEGAL STANDARD

In an IDEA case it is "permissible" for parties to seek judicial review of an administrative agency's decision by way of a summary judgment motion, but a district court's decision on such a motion "is not a true summary judgment procedure. Instead, the district court essentially conducts a bench trial based on a stipulated record.'" *H.T. v. Hopewell Valley Reg'l Bd. of Educ.*, Civ. No. 14-1308-FLW-LHG, 2015 U.S. Dist. LEXIS 108641, at *13 (D.N.J. Aug. 18, 2015) (quoting *D.B. ex rel. H.B. v. Gloucester Twp. Sch. Dist.*, 751 F. Supp. 2d 764, 769 (D.N.J. 2010),

*aff'd sub nom.*, *D.B. v. Gloucester Twp. Sch. Dist.*, 489 Fed. App'x 564 (3d Cir. 2012)). "When deciding an IDEA case, the District Court applies a modified *de novo* review and is required to give due weight to the factual findings of the ALJ." *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006). Under this standard, the district court's review over questions of law is plenary. *Carlisle Area Sch. v. Scott P. By and Through Bess P.*, 62 F.3d 520, 528, n.3 (3d Cir. 1995); *H.T.*, 2015 U.S. Dist. LEXIS 108641, at *14. However, "[f]actual findings from the administrative proceedings are to be considered prima facie correct" and "[i]f a reviewing court fails to adhere to them, it is obliged to explain why." *S.H. v. State-Operated Sch. Dist.*, 336 F.3d 260, 270 (3d Cir. 2003) (marks and citations omitted).

### III. DECISION

Defendants assert this Court lacks subject-matter jurisdiction over this action, because the IDEA does not provide federal courts with jurisdiction over interlocutory appeals of the type of order issued by ALJ Schuster. The District counters that the IDEA specifically provides federal courts with jurisdiction over any order in an IDEA action involving the evaluation of a student, provided the appealing party lacks an alternative avenue to appeal the order. For the reasons set forth below, the Court finds the IDEA does not provide federal courts with jurisdiction over appeal of a pre-hearing decision, related to a strictly procedural issue, in an IDEA action of this kind.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "Under the IDEA, a state receiving federal educational funding must provide children within that state a 'free appropriate public education' (FAPE)." *C.H. v. Cape*

6

*Henlopen Sch. Dist.*, 606 F.3d 59, 65 (3d Cir. 2010) (citing 20 U.S.C. §§ 1412(a)(1)(A), 1401(9)). Section 1415(b) of the IDEA "establishes an elaborate procedural mechanism" to protect a child's right to FAPE. *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). "One such procedural safeguard is the right of those aggrieved by violations of the IDEA to a due process hearing before an administrative official." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 274 (3d Cir. 2014). In turn, "any party aggrieved by the findings and decision rendered [by the administrative official] may appeal such findings and decision to the State educational agency." *Id.* (quoting 20 U.S.C. § 1415(g)(1)) (brackets in original). Finally, after an exhaustion of this administrative process, "the IDEA permits any aggrieved party to bring a civil action in state or federal court" and grants federal district courts subject-matter jurisdiction over such actions. *Id.*

However, the right to file a civil action in federal district court for review of the state administrative action is not unlimited. Rather, the IDEA provides in pertinent part, as follows:

    (1) In general.

        (A) Decision made in hearing. A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2).

        (B) Decision made at appeal. A decision made under subsection (g) shall be final, except that any party may bring an action under paragraph (2).

    (2) Right to bring civil action.

        (A) In general. Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent

> jurisdiction or in a district court of the United States, without
> regard to the amount in controversy.

20 U.S.C. §§ 1415(i)(1) to 1415(i)(2)(A); *see also Hopewell Valley Reg'l. Bd. of Ed. v. J.R.*, Civ.

No. 3:15-cv-8477-FLW-LHG, 2016 U.S. Dist. LEXIS 58392, at *7 (D.N.J. May 3, 2016)

(explaining the limits of federal subject-matter jurisdiction over IDEA appeals); *H.T.*, 2015 U.S.

Dist. LEXIS 108641, at *15 (same). The plain language of the IDEA, therefore, permits an appeal

to the federal courts only where a party is "aggrieved by the findings and decision" made under

subsections (f), (k), or (g) of the statute. *Hopewell Valley*, 2016 U.S. Dist. LEXIS 58392, at *7;

*H.T*, 2015 U.S. Dist. LEXIS 108641, at *15.

The District asserts this Court has subject-matter jurisdiction over its appeal of ALJ

Schuster's November 24, 2015 order pursuant to subsection (f).[3] However, subsection (f) of the

statute "concerns due process hearings, and the only decision contemplated by the plain meaning

of that subsection is the decision following the due process hearing." *M.M. v. Lafayette Sch. Dist.*,

681 F.3d 1082, 1087 (9th Cir. 2012); *see also Hopewell Valley*, 2016 U.S. Dist. LEXIS 58392, at

*8. Pursuant to subsection (f)(1)(A):

> Whenever a complaint has been received under subsection (b)(6) or
> (k), the parents or the local educational agency involved in such
> complaint shall have an opportunity for an impartial due process
> hearing, which shall be conducted by the State educational agency
> or by the local educational agency, as determined by State law or by
> the State educational agency.

20 U.S.C. § 1415(f)(1)(A). The District's original petition in the underlying administrative action

seeking to compel evaluation of A.G., was brought pursuant to subsection (b)(6), which allows for

---

[3] Subsection (k) of the statute involves the process for placement of a child in an alternative educational setting, which is not at issue here. *See* 20 U.S.C. § 1415(k). Similarly, subsection (g) is not at issue here, because it involves appeals to the State educational agency of the initial decisions made at the impartial due process hearing before the local educational agency. *See* 20 U.S.C. § 1415(g).

local education agencies to "present a complaint . . . with respect to any matter relating to . . . the evaluation . . . of [a] child." 20 U.S.C. § 1415(b)(6)(A). The District argues because it brought its petition pursuant to subsection (b)(6), subsection (i) provides it a right to appeal any decision related to the underlying administrative action, even if the decision was not made pursuant to the due process hearing procedure set forth in subsection (f). The Court disagrees. Subsection (i) clearly limits the right to bring a civil action in federal court under the IDEA to appeals of "findings and decision made under subsection (f)." And, subsection (f) clearly involves only decisions made pursuant to an impartial due process hearing. Simply put, subsection (f) does not apply to decisions "rendered *before* the due process hearing." *M.M.*, 681 F.3d at 1087; *see also Hopewell Valley*, 2016 U.S. Dist. LEXIS 58392, at *9.

In sum, because ALJ Schuster's November 24, 2015 order was not a final decision made in a hearing conducted pursuant to subsection (f), the District has no right under the IDEA to bring a civil action in federal court appealing this decision, and correspondingly, this Court has no subject-matter jurisdiction over such an appeal. Accordingly, this action is dismissed for lack of subject-matter jurisdiction and Defendants' Cross-Motion for Summary Judgment is granted on these grounds. However, in the absence of subject-matter jurisdiction, the Court lacks authority to rule on the merits of the District's claims. Therefore, the District's Motion for Summary Judgment and is denied without prejudice and its Motion for Preliminary Injunction is administratively terminated as moot.[4]

---

[4] On March 15, 2017, Defendants requested an emergency status conference in this matter to compel enforcement of ALJ Kennedy's final decision in favor of Defendants. (ECF No 51.) However, because the sole decision on appeal in this action is ALJ Schuster's November 24, 2015 order, enforcement of ALJ Kennedy's final decision is outside the scope of this litigation. Furthermore, because this Court lacks subject-matter jurisdiction over the District's claims, the Court cannot reach the merits of this case. Therefore, Defendants' request for an emergency status conference to enforce ALJ Kennedy's final decision is denied as moot.

**IV. CONCLUSION**

For the reasons set forth above, the District's Motion for Summary Judgment (ECF No. 31) is **DENIED WITHOUT PREJUDICE**, Defendants' Motion for Summary Judgment (ECF No. 34) is **GRANTED**, and this action is **DISMISSED** for lack of subject-matter jurisdiction. Accordingly, the District's Motion for Preliminary Injunction (ECF No. 43) is **ADMINISTRATIVELY TERMINATED** as moot. An appropriate Order will follow.

**Date: March 21, 2017**                    */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**